## (April 30, 1964)

■ In the Matter of the DEPARTMENT OF WELFARE OF THE CITY OF NEW YORK, on Behalf of "BERNICE MALLORY", Respondent, v. "MARY MALLORY", Appellant.

*Per Curiam.* The order of the Family Court reviewed on this appeal involves the apportionment of the cost of maintaining at public expense "Bernice Mallory", a girl of 15 whose parents are divorced, and who has been placed at Pleasantville Cottage School because of a psychological problem. To protect the privacy of the members of the family in the spirit of section 166 of the Family Court Act the names of the child and parents mentioned in this opinion are fictitious. The expense to the Department of Welfare of the City of New York for such care is $94.50 a week. Pursuant to section 102 of the Social Welfare Law and section 422 of the Family Court Act, the department instituted a proceeding in the Family Court against the father, and a companion proceeding against the mother, to charge them with the cost of maintaining their daughter at the school. Prior to these proceedings, and as a contribution to the expense, "Bernice's" mother had been paying the department $20 a week, and it received an additional $1 a week from the child's maternal grandfather. No payments to the department had been made by the father. As required by the divorce decree, however, he had been paying $70 a week to his former wife for her support and for the support of "Bernice" and another child.

After a joint hearing, attended by both parents, the father was ordered to pay $50 weekly and the mother $45. The father was represented by counsel at the hearing, the mother not. Thereafter she retained counsel and, upon motion supported by affidavit contending that because of the absence of counsel her circumstances had not been adequately explored at the hearing, the order against her was vacated and another hearing held. The father seems not to have had notice of the motion, and he was not present or represented at the hearing. As the result of the second hearing an order was entered reducing the mother's weekly obligation from $45 to $36 and directing the department "to proceed against grandparents." From this order the mother appeals.

Section 415 of the Family Court Act, which makes "Bernice's" father, mother and grandparents, if of sufficient ability, responsible for her support, contemplates a consideration of their comparative resources and equities. Had the position of the mother been adequately presented when the responsibility of the father was being weighed, the amount fixed in the father's order may have been different, with the consequence that the assessment against the mother may be incorrect, as indeed may any prospective charge against the grandparents. Under the circumstances we think there should be an integrated proceeding upon notice to the parents and grandparents in which all will be heard as well as afforded opportunity for mutual cross-examination. Fairness to the entire family group requires such a disposition in our opinion, and thereby, also, the court will be able to exercise a more knowledgeable discretion than the piecemeal procedure here evident allows.

In view of our disposition we express no opinion on the conflicting interpretations of the support provisions of the Family Court Act advanced by the

parties to this appeal; the father and grandparents should also be heard on these issues.

The order appealed from should be modified, on the law and on the facts and in the exercise of discretion, to remand the matter for further proceedings in accordance with this opinion, without costs.

Botein, P. J., McNally, Stevens, Eager and Bastow, JJ., concur.

Order, entered on October 25, 1963, unanimously modified, on the law and on the facts, and in the exercise of discretion, without costs, to the extent of remanding the matter to the Family Court, New York County, for further proceedings.